FILED

2020 NOV 18 PM 3: 39

MIDDLE DISTRICT COURT
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:20-cr-

 18 U.S.C. § 641

MARILYN HARTMAN

## INFORMATION

The United States Attorney charges:

### COUNT ONE

Beginning in or about March 12, 2018, and continuing through in or about November 13, 2019, in the Middle District of Florida, and elsewhere, the defendant,

### MARILYN HARTMAN

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States, the United States Postal Service, and the United States Department of Labor, departments and agencies of the United States, that is, United States Department of Labor Federal Workers' Compensation Program benefits of $32,764.64, with intent to deprive the United States, the United States Postal Service, and the United States Department of Labor of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.  The property to be forfeited includes, but is not limited to, the following: an order of forfeiture $32,764.64 obtained from the offense, which represents the proceeds of the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be

divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

                MARIA CHAPA LOPEZ
                United States Attorney

By: *[signature]*
     Shawn P. Napier
     Assistant United States Attorney

By: *[signature]*
     Roger B. Handberg, III
     Assistant United States Attorney
     Chief, Orlando Division